*106 ORDER (Denying Preliminary Injunction)
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the relief requested by the plaintiff. On May 9, 2007, the plaintiff, Dallas R. Whitewing, filed the Declaratory Judgment Complaint (hereinafter Complaint), Motion for Temporary Restraining Order and Preliminary Injunction, Motion for Temporary Restraining Order and Preliminary Injunction, and Affidavit in Support of Motion for Temporary Restraining Order and Preliminary Injunction (hereinafter Plaintiffs Motion). The plaintiff seeks to enjoin the defendant from canceling the Special Runoff Primary Election originally scheduled for May 11, 2007, as well as enjoin the defendant from proceeding with the Special Recall Election scheduled for May 15, 2007.
PROCEDURAL HISTORY
The plaintiff filed his Complaint and Plaintiffs Motion on May 9, 2007. See Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.), Rule 18 (enabling the filing of a motion with an initial pleading). Consequently, the Court issued a Summons accompanied by the above-mentioned documents on May 10, 2007, and delivered the documents by personal service to the defendant’s governmental representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ).[1] The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons *107 pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
On May 10, 2007, the Court issued an Order (Preliminary Injunction Hearing). Due to the timing of plaintiffs filing, the Court hand-delivered or faxed the Order (Preliminary Injunction Hearing), informing the parties of the date, time and location of the Preliminary Injunction Hearing. The Court convened the Preliminary Injunction Hearing on Thursday, May 10, 2007 at 4:00 p.m. CDT. The following parties appeared at the Hearing: the plaintiff, Dallas R. Whitewing; Attorney Glenn C. Reynolds, for the plaintiff; the defendant, Ho-Chunk Nation Election Board (hereinafter Election Board) Chairperson, Judith A. Whitehorse; Attorney Michael P. Murphy, for the defendant; DOJ Attorney Brian T. Stevens; and Lawrence L. Walker, Jr., as an interested party.[2]
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Art. Ill—Organization of the Government
Sec. 3. Separation of Functions. No branch of the government shall exercise the powers and functions delegated to another branch.
Art. VII—Judiciary
Sec. 4. Powers of the Judiciary. The judicial power of the Ho-Chunk Nation shall be vested in the Judiciary. The Judiciary shall have the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation.
Sec. 5. Jurisdiction of the Judic iary.
(a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, arising under the Constitution, laws, customs and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such ease or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
Sec. 6. Powers of the Tribal Court,.
(a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachments and mandamus.
(b) The Trial Court shall have the power to declare the laws of the Ho-Chunk Nation void if such laws are not in agreement with this Constitution.
Art. VIII—Elections
Sec. 1. General Elections. General Elections shall be held on the first Tuesday in June of odd numbered years. Offices of the Legislature, Executive, and Judiciary shall be filled at General Elections.
*108 ELECTION ORDINANCE, 2 HCC § 6
Sec. 6. Qualifications.
f. Certification of Qualifications.
(1) The Election Board shall determine whether each candidate for elective office meets the appropriate qualifications listed in the Constitution and any other qualifications required under the laws of the Ho-Chunk Nation, including paragraph 6d, above, and the Ho-Chunk Nation Code of Ethics Act (2 HCC § 1).
(2) The Election Board shall immediately notify a candidate if the candidate does not meet the qualifications of office. The candidate shall have five (5) calendar days to appeal the eligibility determination to the Election Board. The Election Board shall issue a decision within five (5) calendar days of receipt of the appeal. The candidate/appellant may appeal the decision of the Election Board to the Trial Court within five (5) calendar days of the decision only upon the grounds that it is inconsistent with this Ordinance and/or the Constitution. The Trial Court shall consider the matter and issue a decision within five (5) calendar days.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
2. Summons-The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Ansiver in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
a. In the event that a Citation is issued upon an alleged violator of one or more provisions of the Ho-Chunk Nation Code, the Citation shall serve as the Summons to command the initial appearance of the defendant at the Preliminary Hearing. The issuance and service of the Citation upon the defendant by the issuing authorized tribal official negates the Clerk’s duty to issue and serve a Summons upon the defendant.
Rule 18. Type of Motions.
Motions are requests to the Court and must be in writing except for those made in Court. Motions based on factual matters shall be supported by affidavits, references to other documents, testimony, exhibits or other material already in the Court record. Motions based on legal matters shall contain or be supported by a legal memorandum, which states the issues and legal basis relied on by the moving party. The Motions referenced within these rules shall not be considered exhaustive of the Motions available to litigants.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
*109 Rule 57. Entry and Filing of Judgment.
All judgments must be signed by the presiding Judge. All signed judgments shall be deemed complete and entered for all purposes after the signed judgment is filed with the Clerk. A copy of the entered judgment shall be mailed to each party within two (2) calendar days of filing. The time for taking an appeal shall begin running from the date the judgment is filed with the Clerk. Interest on a money judgment shall accrue from the date the judgment is filed with the Clerk at a set rate by the Legislature or at five percent (5%) per year if no rate is set.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion, to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a)(i) or (ii); did not have proper sendee, and did *110 not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 60. Emergency Order, Temporary Restraining Order and Ex Parte Temporary Restraining Order.
(A) Emergency Order. The Court may enter an Emergency Order without a hearing if it appears from the Complaint, affidavits and sworn testimony that irreparable harm will result without the Order. The Order will expire in thirty (30) calendar days unless extended by the Court for good cause. A hearing on the matters contained in the Order will be held prior to its expiration. The removal of a child from its residence by the Department of Social Services or equivalent agency and the imminent destruction of records or property essential to the case are examples of matters that may require an Emergency Order.
(B) Temporary Restraining Order. When it appears from a party’s pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure the party, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act.
(C) Procedure. The application for an injunction or restraining order made to the Court shall not be heard except upon notice to such other persons as may be defendants in the action, unless the Court is of the opinion that irreparable loss or damage will result to the applicant unless a temporary restraining order is granted.
HO-CHUNK NATION RULES OF APPELLATE PROCEDURE
Rule 8. Appeal by Permission.
An appeal from an interlocutory order maybe sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) calendar days after the entry of such order with proof of service on all other parties to the action. The petition shall contain a statement of the facts necessary to an understanding of the controlling question of law determined by the order of the Trial Court; a statement of the question itself; and a statement of the reasons why substantial basis exists for a difference of opinion on the question and why an immediate appeal may materially advance the termination of the litigation. The petition shall include or have attached a copy of the order relating thereto. Within ten (10) calendar days after service of the petition, an adverse party may file an answer in opposition.
FINDINGS OF FACT
1. The parties received appropriate notice of the March 10, 2007 Preliminary Injunction Hearing.
2. The plaintiff, Dallas R. Whitewing, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A0002650, and Mr. Whitewing is the District Three Legislator. He can be located at W 9814 Airport Road, Black River Falls, Wisconsin 5461,1.
3. The defendant, Judith A. Whitehorse, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001175, and Ms. Whitehorse is the Election Board Chairperson. She can be located at 4 East Main Street, Black River Falls, WI 54615.
4. The defendant, Election Board, is a constitutionally established entity, and maintains an address of 4 East Main Street, Black River Falls, WI 54615. Con *111 stitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VIII, § 4.
5. On April 24, 2007, the Election Board conducted the General Primary Election, which included an open seat for District III Legislator of the Ho-Chunk Nation. Candidate Byron C. Thundercloud received thirty-six (36) votes out of a total of 111 votes cast, amounting to 32.4324% of the tabulated votes. Incumbent Dallas R. Whitewing received thirty-three (33) votes, amounting to 29.7297% of the tabulated votes. Lawrence L. Walker, Jr. also received thirty-three (33) votes, amounting to 29.7297% of the tabulated votes. HCN Primary Election Results, HOCÁK WORAK, Apr. 26, 2007, at 1.
6. On April 25, 2007, the Election Board certified the General Primary Election results, thereby placing the above three (3) candidates in the constitutionally required June 5, 2007 General Run-off Election.[3] Const., Art. VIII, § 1.
7. The Ho-Chunk Nation Election Board held a meeting on May 6, 2007, and removed the plaintiff from the General Election ballot “to be held on June 5, 2007 for Area 3 Legislator, for violation of Election Board Ordinance Page 10, Sec. 6. fl with reference to the Code of Ethics Act (2 HCCI) regarding high Moral and Ethical Standards, since he no longer meets the qualifications of the certification.” Compl, Attach 2.
8. Therefore, the Election Board can-celled the May 11, 2007 Special Runoff Primary Election. Prelim. Inj. Hr’g (LPER, May 10, 2007, 04:10:28 CDT).
9. The plaintiff possessed actual knowledge of the Election Board’s action, and therefore filed a Complaint and Plaintiffs Motion with the Court on May 9, 2007. On the same date, the plaintiff also filed an Appeal of Election Board Decision of May 6, 2007. Id.
10.The plaintiff was a party to a consolidated action regarding the proposed recall election in which the Court rendered a final decision. See Ona Garvin et al. v. HCN Election Bd. et al., CV 05-90, -93 (HCN Tr. CL, Mar. 1, 2007).
DECISION
On May 6, 2007, the Election Board held a meeting, and removed the plaintiff from the General Election ballot to be held on June 5, 2007 for District Three Legislator, for violation of the Election Ordinance. Compl., Attach 2. Therefore, the defendant canceled the May 11, 2007 Special Runoff Primary Election. The plaintiff seeks a preliminary injunction to enjoin the defendant from canceling the Special Runoff Primary Election originally scheduled for May 11, 2007, as well as to enjoin the defendant from proceeding with the Special Recall Election scheduled for May 15, 2007.
The Court has adopted a four-part test for the purpose of evaluating requests for preliminary injunctions. A party must show that (1) they have no adequate remedy at law; (2) the threatened injury to the plaintiff outweighs the harm of issuing an injunction; (3) the plaintiff has a reasonable likelihood of success on the merits; and (4) granting the injunction serves the public interest. See HCN Election Bd. v. Aurelia Lera Hopinkah, SU 98-08 at 8 (HCN S.Ct., Apr. 7, 1999); Coalition for Fair Gov’t II v. Chloris Lowe, Jr., et al., CV 96-22 (HCN Tr. CL, July 23, 1996); Tracy Thundercloud v. HCN Election Bd., CV 95-16 (HCN Tr. CL, Aug. 28, 1995); *112 and Joyce Warner et al. v. HCN Election Bd., CV 95-03-06, -09-10 (HCN Tr. CL, July 3,1995).
The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial can be heard on the merits. “A preliminary injunction is granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.” Univ. of Texas et al. v. Camenisch, 451 U.S. 390 at 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). A party is not required to prove his ultimate case at the hearing, and therefore the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial. Id. Persuasive law indicates that unless the appellant can show that the lower court abused its discretion, the appellate court will not intervene. Brown v. Chote, 411 U.S. 452, 457, 93 S.Ct. 1732, 36 L.Ed.2d 420 (1973).
The Ho-Chunk Nation Supreme Court (hereinafter Supreme Court) accepted the following definition of abuse of discretion: “any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.” Daniel Youngthunder, Sr. v. Janette Pettibone et al., SU 00-05 (HCN S.Ct., July 28, 2000) at 2 (quoting Black’s Law Dictionary 11 (6th ed.1990)).
Once all the equitable factors are before the judge ... a classic discretionary decision must be made involving how much weight to give individual components of the calculus and to what direction the balance of equity tips. The ultimate decision of whether or not to grant the motion is in a real sense intuitive. The law of injunction tells the judge what factors are relevant but ... the balancing and weighing process is not susceptible to quantification or formalization. Ultimately, the ... judge has to arrive at a decision based on a subjective evaluation of the import of various factors and a personal, intuitive sense about the nature of the case.... [T]he final, and most important decision as to whether to grant or deny the motion is discretionary. ...
Lawson Products, Inc. et al. v. Avnet, Inc., 782 F.2d 1429, 1436 (7th Cir.1986) (citations omitted). The merits of the underlying case are not before the Court; however the Court weighs the factors outlined below and determines that the preliminary injunction is not warranted at this point.
The Judiciary has the power to interpret and apply the Constitution and laws of the Ho-Chunk Nation. Const., Akt. VII, § 4. The Trial Court has “original jurisdiction over all cases and controversies ... arising under the Constitution, laws, customs and tradition of the Ho-Chunk Nation.” Id., Art. VII, § 5(a). The Constitution states that “[n]o [sic] branch of the government shall exercise the powers or functions delegated to another branch.” Id., Art. III, § 3. In this case, the Ho-Chunk Nation Legislature (hereinafter Legislature) enacted the Election Ordinance on November 19, 2002. A portion of the legislation deals specifically with certification of qualifications for candidates. Election Ordinance § 6.6f. Within the same provision, “a candidate shall have five (5) calendar days to appeal the eligibility determination to the Election Board.” Id., § 6.6f(2). Then, the Election Board “shall issue a decision within five (5) calendar days of receipt of the appeal.” Id. After those procedural underpinnings are adhered to, the action, if contested, could proceed to the Judiciary within five (5) days. Id. The Court has previously held that “[a]n individual may not seek redress through the judiciary until they have exhausted their administrative processes.” Loa L. Perrier v. Chloris *113 Lowe, Jr., SU 96-05 (HCN S.Ct., Jan. 10, 1997) at 4. The Court will not abrogate the law by usurping the powers legislatively designated to the Election Board, by essential robbing it of its opportunity to issue such a decision as allowed under the Election Ordinance. “The doctrine of exhaustion of administrative remedies is one among related doctrines—including abstention, finality, and ripeness—that govern the timing of ... decisionmaking.:” Aleksandra Cichowski v. Ho-Chunk Hotel & Convention Ctr., CV 01-25 (HCN Tr. Ct., May 30, 2006) at 10 n. 4 (quoting McCarthy v. Madigan, 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992)). The Court cannot and will not pre-judge an action, which is not properly before it.[4]
In this instance, the plaintiff possessed actual knowledge that the Election Board determined that he did not meet the qualifications of the office. He submitted his appeal to the Election Board on May 9, 2007. Therefore, the Election Board “shall issue a decision within five (5) calendar days of receipt of the appeal.” Election Ordinance § 6.6f(2). The Election Board has until Monday, May 14, 2007, to issue its decision. If the plaintiff is not satisfied with the decision, then at that time, the plaintiff may appeal to the Court.
The plaintiff also requested a judgment enjoining the defendant from proceeding with the Special Recall Election scheduled for May 15, 2007. However, the Court finds this issue barred by res judicata,, meaning that this issue has already been settled by judicial decision. The Court has previously noted that, “[ujnder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” David Abangan v. HCN Dep’t of Bus., CV 01-08 (HCN Tr. Ct., July 16, 2003) at 17 (citation omitted). Typically, appeals are considered the appropriate manner by which to challenge a judgment rather than trying to start a new trial, and once the appeals process is exhausted or waived, res judicata,, or perhaps stare de-cisis, wall apply.
The Court previously had to determine whether to grant summary judgment In the matter of who may vote in a Special Election called by the General Council to recall the plaintiff and District Pour Legislator Ona Garvin. See Garvin, CV 05-90, -93 (HCN Tr. Ct, Mar. 1, 2007). The Court found that while the Nation’s Constitution guaranteed the General Council the right to call such an election, it did not guarantee a tribal-wide right to vote in the election. Id. A tribal-wide vote was found to unfairly dilute the interests of members within Area Three and Area Four. Id. The Court stated “the Election Board now has the duty to schedule the Special Elections in both District III and IV, the impacted districts, where only the district electorate may vote.” Id. at 11.
As indicated within his Complaint, the plaintiff believed that a Special Recall Election would be meaningless as only three (3) months remained in his term. Compl. at 3. Regardless, the Court issued its final judgment on the merits, which precludes the plaintiff from relitigating the issue as to the importance of a recall election. The more appropriate action would have been to have sought a post-judgment motion with this Court or filed an appeal *114 with the Supreme Court.[5] The Court will not revisit the plaintiffs claim, which was not timely appealed, and is considered final and binding and has res judicata effect.
IT IS THEREFORE ORDERED that the grant of a preliminary injunction is not warranted. With regards to the May 11, 2007 Special Runoff Primary Election, a preliminary injunction is not warranted because the plaintiff has not exhausted his administrative remedies. Regarding, the May 15, 2007 Special Recall Election, a preliminary injunction is not warranted because the plaintiff is barred by res judica-ta from relitigating his claim because he waived such right by not filing a post-judgment motion or appealing to the Supreme Court.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[t]he time for taking an appeal shall begin from the date the judgment is filed with the [Trial Court] Clerk [of Court].” HCN R. Civ. P. 57. Since this decision represents a non-final judgment, “[a]n appeal from [this] interlocutory order maybe [sic] sought by filing a petition for permission to appeal with the Supreme Court Clerk within ten (10) calendar days after the entry of such order with proof of service on all other parties to an action.” Ho-Chunk Nation Rules of Appellate Procedure, Rule 8.[6]
IT IS SO ORDERED this 11th day of May 2007, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation. t:

. The HCN R. Civ. P. permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party either a unit of government or enterprise or an official or employee being sued in their official or individual capacity. HCN R. Civ. P. 27(B).

. Mr. Walker filed suit in a separate action, which was subsequently dismissed at Mr. Walker's request. See Lawrence L. Walker, Jr. v. Ho-Chunk Nation Election Board, CV 07-28 (HCN Tr. Ct., May 11, 2007). However, Mr. Walker joined the instant case as an inler-ested party because he maintains an interest as to the outcome of Mr. Whitewing’s request for a preliminary injunction.

. The official certification of election results does not reflect the date of certification as required by a prior decision of the Court. Stewart J. Miller v. HCN Election Bd., CV 01-57 (HCN Tr. Ct., May 24, 2001).

. ‘‘[A] long settled rule of judicial administration [is] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.” Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

. The Court recognizes, however, that District Four Legislator Ona Garvin filed an appeal with the Supreme Court on April 13, 2007, which represents case SU 07-07.

. Parties can obtain a copy of the applicable rules by contacting the Ho-Chunk Nation Judiciary at (715) 284-2722 or (800) 434-4070 or visiting the judicial website at www.ho-chunknation.com/government/judicial/cons_ law.htm.